UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN WILLIAM FRY, | ) | CV F 03 5244 AWI LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS PURSUANT TO 28 |
| | ) | U.S.C. § 2241 |
| | ) | |
| CHARLES R. GILKEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

Petitioner, currently no longer in custody, has filed a petition for writ of habeas corpus challenging the judgment of the United States District Court for the District of Nevada entered on June 29, 1998, following his conviction by jury trial of one count of conspiracy in violation of 18 U.S.C. § 371 and three counts of wire fraud in violation of 18 U.S.C. § 1343. See Exhibit A, Petition; see also United States v. Hanley, 190 F.3d 1017 (9th Cir.1999). Petitioner was sentenced to

---

[1] This information was derived from the petition for writ of habeas corpus and the response to the petition.

1  a total determinate prison term of 46 months in federal prison. Id. The sentence was at the low end of
2  the guideline range, which was determined from a total offense level of 21 and a criminal history
3  category of III. Id.

4      Petitioner appealed the judgment and remained at liberty pending resolution of his appeal.
5  See p. 3, Petition. On December 14, 1999, the Ninth Circuit Court of Appeals affirmed the
6  conviction and sentence. Id. Petitioner surrendered to the Bureau of Prisons ("BOP") on February 10,
7  2000, and commenced serving his sentence. Id.

8      On October 3, 2000, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. The District
9  Court denied the motion and the Ninth Circuit affirmed. See United States v. Fry, 322 F.3d 1198 (9th
10 Cir.2003).

11     While the appeal was pending at the Ninth Circuit, Petitioner requested from the Sierra
12 County Superior Court that his 1984 misdemeanor conviction for possessing nunchucks be vacated.
13 On November 22, 2002, Petitioner's motion was granted and the judgment was vacated.

14     On February 26, 2003, Petitioner filed the instant petition for writ of habeas corpus in this
15 Court.  Petitioner claims he should be resentenced to a term no longer than 41 months because the
16 Superior Court's act of vacating his misdemeanor reduced his criminal history from III to II.

17     On November 7, 2003, Respondent filed a response to the petition. Respondent contends the
18 petition should be dismissed because the Court is without jurisdiction as Petitioner cannot satisfy the
19 requirements of § 2255's "savings clause."

20     On February 25, 2004, Petitioner filed a reply to Respondent's answer.

21 **JURISDICTION**

22     A federal prisoner who wishes to challenge the validity or constitutionality of his conviction
23 or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28
24 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v. Smith, 719
25 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
26 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*.
27 Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by
28 way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States,

929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255 petition to avoid 28 U.S.C.§ 2244(b)'s constraints on second petitions.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003), *quoting* 28 U.S.C. § 2255; United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997). This is commonly referred to as the "savings clause" of § 2255. Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy, 328 F.3d at 1059, Pirro, 194 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The Ninth Circuit has acknowledged other circuits have held that "§ 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this

claim. Ivy, 328 F.3d at 1060; see also Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000); Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir.2001); Wofford v. Scott, 177 F.3d 1236, 1244 & n. 3 (11th Cir.1999); In re Davenport, 147 F.3d 605, 609-11 (7th Cir.1998); Triestman v. United States, 124 F.3d 361, 363 (2d Cir.1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and ineffective. Petitioner does not contend he is factually innocent of the underlying crime. Rather, he claims that one of the convictions on which his sentence was based, i.e., a misdemeanor conviction for possession of nunchucks, is now invalid; therefore, he claims he must be resentenced accordingly. As Respondent notes, Petitioner does not contend he is factually innocent of the earlier misdemeanor charge of possessing nunchucks. The charge was set aside because Petitioner, a non-citizen, was not advised pursuant to Cal. Penal Code § 1016.5 that he may be deported or excluded from the United States as a consequence of his guilty plea. See Exhibit B, Petition. Such sentencing error does not merit the application of the savings clause, because sentencing error does not constitute actual innocence as set forth by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998) ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."). See Lorentsen, 223 F.3d at 954.

In addition, Petitioner has failed to demonstrate that he was deprived of an "unobstructed procedural shot" at presenting his claim. As correctly argued by Respondent, Cal. Penal Code § 1016.5 was enacted in 1977 and has been available to Petitioner since the time he entered his plea in 1984. Petitioner had well over a decade to seek dismissal of the misdemeanor conviction. At the very least, he could have litigated the claim and had the conviction set aside prior to his first § 2255 motion. However, Petitioner chose to delay and did not obtain relief from the state court until after his first § 2255 motion was concluded. The Ninth Circuit stated in Ivy, "[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." 328 F.3d at 1060. Here, Petitioner is barred

from raising his claim, but he did have an unobstructed procedural opportunity to raise it.

Petitioner has not satisfied the requirements of the savings clause. He is not claiming factual innocence and he has not demonstrated that he was deprived of an unobstructed procedural opportunity to present his claims. The petition must be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: July 26, 2005**  /s/ Lawrence J. O'Neill
b9ed48                      UNITED STATES MAGISTRATE JUDGE